# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW SCOTT LUETHKE,<br><br>   Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>   Defendant.<br>_____/ | Case No. 1:22-cv-01043-SKO<br><br><br>ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(Doc. 1) |

## I.   INTRODUCTION

On August 18, 2022, Plaintiff Andrew Scott Luethke ("Plaintiff") filed a complaint under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act").  (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[1]

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 11.)

## II. BACKGROUND

**A.  Procedural History**

On June 19, 2020, Plaintiff protectively filed claims for DIB and SSI payments, alleging he became disabled on March 20, 2019, due to depression, social anxiety, the Autism spectrum, "multiple procession disorders," attention deficit disorder ("ADD"), and unspecified mood disorder. (Administrative Record ("AR") 21, 66–67, 211, 216, 233.) Plaintiff was born on October 11, 1989, and was 29 years old on the alleged disability onset date. (AR 66, 211, 216.) Plaintiff has a GED and previously worked in sales. (AR 45, 48, 60, 234.)

The Commissioner denied Plaintiff's application for benefits initially on September 10, 2020, and again on reconsideration on November 18, 2020. (AR 21, 130–34, 142–47.) Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 149–51.) On June 7, 2021, Plaintiff appeared with counsel and testified before an ALJ as to his alleged disabling conditions. (AR 35, 43–59.) A vocational expert ("VE") also testified at the hearing. (AR 59–62.)

On June 16, 2021, the ALJ issued a decision finding Plaintiff not disabled, as defined by the Act. (AR 21–29.) Plaintiff sought review of the ALJ's decision before the Appeals Council. (AR 13–17, 208.) Along with his request for review, Plaintiff submitted additional, post-hearing evidence to the Appeals Council from Fresno County Behavioral Health, specifically from the Urgent Care Wellness Center. (AR 8.) This evidence consisted of a core assessment report dated August 6, 2021, by Plaintiff's treating provider DeAnn Jones, ACSW ("Social Worker Jones"), and a progress note dated April 30, 2018. (AR 9–12, 65.)

On July 19, 2022, the Appeals Council denied the request for review (AR 1–4), rendering the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 416.1481. The "Notice of Appeals Council Action" denying review sets forth the Appeals Council's finding that the August 6, 2021, report by Social Worker Jones "does not relate to the period at issue" and thus "does not affect the decision about whether [Plaintiff was] disabled beginning on or before June 16, 2021." (AR 2.)

**B.    The ALJ's Decision**

The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 416.920.  (AR 21–29.)  The ALJ decided that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of March 20, 2019 (step one).  (AR 23.)  The ALJ then found that Plaintiff did not have an impairment or combination of impairments that significantly limited (or was expected to significantly limit) his ability to perform basic work-related activities for 12 consecutive months (step two).  (AR 24.)  Specifically, the ALJ determined that Plaintiff had the following medically determinable impairments: anxiety; depression; neurodevelopmental disorder; attention deficit hyperactivity disorder ("ADHD"); and obesity.  (AR 24.)  Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" they rejected Plaintiff's statements "concerning the intensity, persistence and limiting effects of [his] symptoms" as "not entirely consistent with the medical evidence and other evidence in the record." (AR 25.)  In particular, the ALJ found that Plaintiff's medically determinable mental impairments caused no more than mild limitations, and the evidence did not otherwise indicate that there was more than a minimal limitation on Plaintiff's ability to do basic work activities.  (AR 26.) Therefore, the ALJ concluded Plaintiff did not have a severe impairment or combination of impairments (AR 24, 26–27) and he was not disabled as defined by the Act (AR 28).  *See* 20 C.F.R. § 416.920(a)(4)(ii) ("If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.").

In making this determination, the ALJ posed a series of questions to the VE at the hearing on June 7, 2021.  (AR 60–62.)  The VE testified that Plaintiff had past work experience as a telephone solicitor and door-to-door sales representative.  (Doc. 60.)  The ALJ asked the VE to consider a person of Plaintiff's age, education, and past work history, and to assume this person has no exertional limitations, but is able to understand, remember, and carry out instructions associated with semiskilled work, and could occasionally interact with the public.  (AR 60–61.) The VE testified that such a person could not perform the past work.  (AR 61.)  The VE, however, further testified that such a person could perform other jobs such as final assembler (a sedentary

3

job), laundry folder (a light job), and hand packager (a medium job).  (AR 61–62.)  When asked a hypothetical by Plaintiff's attorney that included an additional limitation of being off task 15% of the workday, the VE testified that there was no work such a person could perform.  (AR 62.)  The VE also testified that employers typically tolerate one unscheduled absence per month.  (AR 62.)

### III.   LEGAL STANDARD

**A.   Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act."  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920.  The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments.  If not, the claimant is not disabled.  If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1.  If so, the claimant is automatically presumed disabled.  If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work.  If so, the claimant is not disabled.  If not, the ALJ proceeds to step five and examines whether the claimant has the residual functional capacity ("RFC") to perform any other substantial gainful activity in the national economy.  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4)

(providing the "five-step sequential evaluation process" for SSI claimants). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); *see* 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B.     Scope of Review**

"This court may set aside the Commissioner's denial of disability insurance benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citing *Tackett*, 180 F.3d at 1098). "Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"This is a highly deferential standard of review . . . ." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ's decision denying benefits "will be disturbed only if that decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

In reviewing the Commissioner's decision, the Court may not substitute its judgment for that of the Commissioner. *Macri v. Chater*, 93 F.3d 540, 543 (9th Cir. 1996). Instead, the Court must determine whether the Commissioner applied the proper legal standards and whether substantial evidence exists in the record to support the Commissioner's findings. *See Lewis v.*

5

*Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'"  *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)).  Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quoting *Robbins*, 466 F.3d at 885). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

### IV.   DISCUSSION

**A.   The ALJ's Decision is Not Supported by Substantial Evidence**

Plaintiff challenges the ALJ's decision at Step Two on the basis, *inter alia*, that it is unsupported by substantial evidence.  (*See* Doc. 16 at 15, 17–21.)  Plaintiff specifically contends the ALJ's assessment of his mental impairments as non-severe is contradicted by medical evidence in the record, particularly in view of the report by treating provider Social Worker Jones, dated August 6, 2021 (AR 9–12), which was submitted for the first time to the Appeals Council.  (Doc. 16 at 18–21.)

Social Worker Jones described how Plaintiff came into the Urgent Care Wellness Center presenting with anxiety, depression, paranoia, difficulty concentrating, suicidal ideation, aggressive symptoms, irritability, obsession, and compulsions.  (AR 9.)  Social Worker Jones opined that Plaintiff had been experiencing depression and paranoia since the age of 11, and his depression symptoms intensified after his brother's death in 2013.  (AR 9, 12.)  Social Worker Jones noted examples of daily paranoid thoughts that Plaintiff reported experiencing since he was 11 years old.  (AR 12.)  Pursuant to a mental status exam, Social Worker Jones observed the

following: Plaintiff's appearance was disheveled; he had a foul body odor; his affect was flat and incongruent; his speech was pressured with tangential thought process; and Plaintiff looked to his mother for the majority of the answers to the questions.  (AR 11.)  Accordingly, Social Worker Jones noted a diagnosis of unspecified schizophrenia spectrum or other psychotic disorder in her report dated August 6, 2021.  (AR 12.)  She also listed the following areas in which she opined Plaintiff would be impaired: living arrangement; social support; daily activities; and "occupational."  (AR 12.)

The Appeals Council found that the report by Social Worker Jones did "not affect" the ALJ's decision because it did "not relate to the period at issue," i.e., through June 16, 2021.  (AR 2.)  In making this finding, however, the Appeals Council evidently did not realize that while the report by Social Worker Jones was issued on August 6, 2021, the report states that the disabling limitations of depression, paranoia, and anxiety opined therein have been present since <u>Plaintiff was 11 years old</u>, and that his depression symptoms intensified after his brother's death in <u>2013</u>.  (*See* AR 9–12.)

Where, as here, the Appeals Council considers additional evidence—the August 6, 2021, report by Social Worker Jones—in denying review of the ALJ's decision, that evidence is nevertheless deemed to be part of the administrative record that a court must evaluate when reviewing the Commissioner's final decision for substantial evidence.  *Brewes v. Comm'r of Soc. Sec. Admin*, 682 F.3d 1157, 1163 (9th Cir. 2012); *see also Taylor v. Comm'r of Soc. Sec. Admin.,* 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error.").  With the addition of the report by Social Worker Jones, the record now contains a medical opinion from a treating provider opining that, at a minimum, some of Plaintiff's impairments have been severe during the relevant time period, in contrast to what was found by the ALJ.  (*Compare* AR 9, 12 *with* AR 24–27.)  Since this new evidence directly undermines the basis of the ALJ's Step Two finding, the Court concludes that the Commissioner's decision was "not supported by substantial evidence."  *Brewes*, 682 F.3d at 1164.

Harmless error review applies when a medical opinion is not considered in an ALJ's decision. *See Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015). Errors are harmless when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). For example, the ALJ's error is harmful here because the report by Social Worker Jones calls into question the ALJ's finding that the opinion of Dr. Jose Flores-Lopez, M.D. was unpersuasive. (AR 28.) Dr. Flores-Lopez opined that Plaintiff had significant limitations in all four areas of mental functioning, such that his limitations would preclude performance for 15% or more of the workday, and that he would likely be absent from work for four days per month due to his symptoms. (*See* AR 450–52.) The ALJ found Dr. Flores-Lopez's opinion unpersuasive because the evidence in the record was "consistent with an assessment of non-severe mental impairments with no more than mild limitations in any area of functioning." (AR 28.) The Court therefore cannot "confidently conclude" that "no reasonable ALJ," after considering the report by Social Worker Jones, could have reached a different disability determination. *See Marsh*, 792 F.3d at 1173 (ALJ's failure to consider treating doctor's medical opinion, which described the plaintiff as "pretty much nonfunctional," was not harmless).

In response, the Acting Commissioner identifies various reasons why the ALJ could have deemed the August 6, 2021, report by Social Worker Jones unpersuasive.[2] (*See* Doc. 17 at 15–16.) However, the persuasiveness of the report by Social Worker Jones, or lack thereof, is a matter for the ALJ. As the Ninth Circuit has emphasized, "[l]ong-standing principles of administrative law require [courts] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009); *see also Marchel v. Colvin*, No. 2:13-cv-1416 DAD, 2015 WL 546065, at *4 (E.D. Cal. Feb. 10, 2015) ("Because Dr. Parsons' opinion was not before the ALJ, the court can only speculate as to the

---

[2] Under the new regulations regarding the evaluation of medical evidence that are applicable to this case, the ALJ must evaluate the "persuasiveness" of a medical opinion by considering the following factors: supportability, consistency, treatment relationship, specialization, and "other factors." 20 C.F.R. § 416.920c(a), (b), (c)(1)–(5) (titled "How we consider and articulate medical opinions and prior administrative findings for claims filed on or after March 27, 2017").

weight the ALJ would have assigned to that treating physician opinion."). Because the ALJ did not have the benefit of the report by Social Worker Jones, the ALJ should be given the opportunity to review and consider it.

### B.     Remand for Further Proceedings is Appropriate

It is for the ALJ to determine whether a plaintiff has severe impairments and, ultimately, whether they are disabled under the Act. *See Marsh*, 792 F.3d at 1173 ("[T]he decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). The ALJ, not the Court, is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Here, the ALJ did not have the opportunity to consider, in the first instance, the August 6, 2021, report by Social Worker Jones. Having found this report properly part of the record, the ALJ must evaluate it to determine its impact on the severity of Plaintiff's impairments and the ultimate question of Plaintiff's disability. Remand for further proceedings is therefore the appropriate remedy. *See, e.g., Vasquez v. Astrue,* 572 F.3d 586, 597 (9th Cir. 2009) (remanding to allow ALJ to assess results of psychological testing, considered by the Appeals Council, and how claimant's limitations affect their RFC); *McLaughlin v. Saul,* No. 1:18-CV-00967-SKO, 2019 WL 3202806, at *6 (E.D. Cal. July 16, 2019); *Billie-Jo M. v. Saul*, No. 6:19-CV-00092-SB, 2020 WL 2521754, at *10 (D. Or. May 18, 2020) ("Plaintiff submitted new, post-decision medical evidence that the ALJ has not had an opportunity to evaluate. Under these circumstances, a remand to the agency for further proceedings to fully develop the record is the appropriate remedy.") (internal quotation marks omitted).

### V.     CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further

proceedings consistent with this Order.  The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Andrew Scott Luethke and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **June 30, 2023**                         /s/ *Sheila K. Oberto*                 .
                                                                    UNITED STATES MAGISTRATE JUDGE